UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR -9 PM 3:19

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JOHN RUIZ | * | CIVIL ACTION |
| versus | * | NO. 07-101 |
| ALLSTATE INSURANCE COMPANY and PAUL SCAFFIDI INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

The plaintiff bought homeowner's insurance policies from the Paul Scaffidi Insurance Agency, LLC for coverage of his home and rental properties. All of the plaintiff's properties in New Orleans were damaged by Hurricane Katrina. He filed claims under the policies, but has not been able to reach settlement with the insurer. He filed suit against Allstate and against Paul Scaffidi Insurance Agency, LLC in state court on August 23, 2006. Allstate removed the case to this Court, invoking this Court's original diversity jurisdiction. The plaintiff now moves to remand, stating that the defendants have not met their burden to prove that federal jurisdiction exists. The defendants claim that the insurance agency has been fraudulently joined in an effort to defeat diversity among the parties.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. In the two-page complaint, the plaintiff accuses Allstate of bad-faith claims handling and argues only that Paul Scaffidi Insurance Agency violated a fiduciary duty owed to the plaintiff by "fail[ing] to advise and inform plaintiff about purchasing flood insurance." This Court finds that no claim can be stated against the insurance agency. Other Sections of this Court have found that Louisiana law imposes no duty on agents to identify spontaneously a client's needs and advise him as to whether he is underinsured or carries the right type of coverage. Dobson v. Allstate Ins. Co., 2006 WL 2078423, at *10 (E.D. La. July 21, 2006)(Vance, J.); Parker v. Lexington Ins.

Co., 2006 WL 3328041 (E.D. La. Nov. 15, 2006)(Zainey, J.); Sullivan v. State Farm Fire and Cas. Ins. Co., No. 06-0004, Rec. Doc. Nos. 42, 44 (E.D. La. Apr. 6, 2006)(Duval, J.); Whitehead v. State Farm Ins. Co., No. 06-8115, Rec. Doc. 9 (E.D. La. Dec. 15, 2006)(Berrigan, C.J.).

The plaintiff here, as in the cases cited above, did not allege that he requested a specific type or amount coverage which the agent then failed to provide, but rather that the agent failed to assess independently and unilaterally the plaintiff's insurance needs and recommend higher or different coverage. As held by other Sections of this Court, no such duty on the part of an agent exists under Louisiana law. This Court agrees.

Because the plaintiffs can state no cause of action against the Paul Scaffidi Insurance Agency, the Court finds that it has been improperly joined as a defendant. Therefore, this Court exercises its diversity jurisidiction, as the remaining parties in the case are diverse and the amount in controversy is over the jurisdictional requisite.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, March 9, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE