```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JOHN RUIZ                                    CIVIL ACTION


v.                                           NO. 07-101


ALLSTATE INSURANCE COMPANY and               SECTION "F"
PAUL SCAFFIDI INSURANCE AGENCY, LLC
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration.  For the reasons that follow, the motion is DENIED.

The facts of this case are outlined in the Court's Order of March 9, 2007, in which the Court denied the plaintiff's motion to remand.  The Court found that the plaintiff had improperly joined an in-state defendant, Paul Scaffidi Insurance Agency, because the plaintiff stated no cause of action against it.  The plaintiff now moves the Court to reconsider this ruling, arguing that the Court did not consider the plaintiff's affadavits in determining the factual basis for the plaintiff's claim against the insurance agent.

1

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc).  On March 9, 2007, the Court denied the plaintiff's motion to remand. The order was entered into the record on the same day.  The plaintiff filed this motion on March 19.  Because the present motion for reconsideration was filed within ten days of entry of the Court's Order denying remand and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not

2

have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

In denying remand, this Court analyzed the language in the plaintiff's initial complaint, and considered the pleadings of the parties, including the exhibits and affidavits attached to the pleadings.  Upon reading all of the documents, the Court found that the plaintiff had failed to state a claim against the insurance agent under Louisiana law.  The plaintiff now requests that this Court re-evaluate its interpretation and analysis of these documents.  While the plaintiff may disagree with this Court's finding, the plaintiff raise no new arguments and appears to desire to relitigate the same issue raised in the motion to remand.  The plaintiff has not presented a mistake of law or fact that would entitle him to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly,

IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, April 5, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE