UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOHN RUIZ                                        CIVIL ACTION

VERSUS                                           NO. 07-101

ALLSTATE INSURANCE COMPANY and                   SECTION "F"
PAUL SCAFFIDI INSURANCE AGENCY, LLC


                          ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration. For the reasons that follow, the motion is DENIED.

                              Background

The facts of this case are outlined in the Court's October 18, 2007 Order and Reasons granting Allstate's motion to enforce settlement. The Court found that the plaintiff, John Ruiz agreed to dismiss his claims against Allstate relating to each of his five properties in exchange for Allstate's total payment of $202,700, plus court costs.

                                 I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed

                                 1

after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc). The Court granted Allstate's motion to enforce settlement on October 18, 2007, and the order was entered into the record on the same day. Ruiz filed the motion for reconsideration on October 29, 2007.[1] Because his motion was filed within ten days of the Court's judgment, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of the interest in finality, motions for reconsideration may be granted only if the moving party shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 59 motions should not be used to relitigate old matters, raise

---

[1] Under Rule 6 of the Federal Rules of Civil Procedure, intermediate weekends are excluded from the ten-day computation. See Fed. R. Civ. Proc. 6(a).

new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 2004 WL 2554847, at *4 (5th Cir. 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

In granting Allstate's motion to enforce settlement, this Court considered all of the factual and legal positions advanced by Mr. Ruiz, including his claim that he had recently been injured in a car accident when he informed the Court that the case had settled. Although the plaintiff was receiving, and continues to receive, treatment for his injuries, however, he has not provided any evidence or alleged any facts sufficient to establish there was no meeting of the minds when the parties entered the settlement agreement. The purpose of a settlement agreement is to put an end to litigation, and the essential elements are: (1) mutual intention to end the litigation, and (2) reciprocal concessions of the parties in adjustment of their differences. See Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356, 1359 (La. 1987). Allstate and Mr. Ruiz orally agreed to settle the case for $202,700 plus court costs. This agreement was memorialized in Allstate's June 19, 2007 letter to Ruiz. The letter stated that: "[t]his will confirm our settlement discussion of yesterday wherein we agreed to

settle all claims asserted in your Petition for the total sum of $202,700 plus your reasonable court costs. . . . For this amount we have settled all of the claims asserted in your Petition." The letter informed Ruiz that he would be required to fax a letter advising the Court of the settlement. Ruiz faxed the letter the same day, stating: "[t]he above case has been settled. Please remove it from your docket; a motion to dismiss will be forwarded to you in the near future." Clearly, there was a meeting of the minds between Allstate and Ruiz to end the litigation, and there were reciprocal concessions from both sides.

   Mr. Ruiz argues in his motion for reconsideration that, under Louisiana law, proof that he cashed Allstate's settlement checks does not by itself establish that the parties reached a full compromise. See Rivett, 508 So.2d at 1359. The Court found only that Mr. Ruiz's cashing of four separate payment checks, each imprinted with the insurance policy number from the insured property, and each accompanied by a release form indicating that the payment was for a specific property, establishes that he was fully aware of how Allstate allocated the $202,700 total payment among the insured properties.

   Although the plaintiff may disagree with this Court's findings, he raises no new arguments and appears to desire to relitigate the same issue raised in his opposition to the motion to enforce settlement. The plaintiff has not presented a mistake of

4

law or fact that would entitle him to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly, IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, December 3rd, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE